J-S59009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ALONZO VILLATORO | : | |
| | : | |
| Appellant | : | No. 268 EDA 2019 |

Appeal from the PCRA Order Entered December 14, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002514-2009

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

DISSENTING MEMORANDUM BY LAZARUS, J.:     **FILED MARCH 11, 2020**

I respectfully dissent. I agree with Appellant's argument that the PCRA court should have allowed him an opportunity to obtain his mental health records from the Department of Corrections [DOC]. I find merit to Appellant's claim that the court's refusal to allow him time to obtain those records and have them reviewed by an expert, in order to determine whether he met the newly-discovered evidence exception, effectively denied him his right to a meaningful hearing. *See* N.T. PCRA Hearing, 12/14/18, at 12-13.

In his PCRA petition, Appellant averred that on or about June 23, 2018, he was "verbally informed" that he had been diagnosed with bipolar disorder, post-traumatic stress disorder, antisocial personality disorder and mild neurocognitive damage resulting from a traumatic brain injury suffered from a gunshot in the year 2000. Appellant filed his PCRA petition on August 17,

2018, claiming this information was newly-discovered evidence, thus saving his facially untimely petition from the one-year jurisdictional time requirement. 42 Pa.C.S.A. § 9545(b). Appellant also sought a court order directing the DOC to provide him with the relevant mental health records.[1] *See Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004) (claims defaulted due to PCRA petitioner's mental incompetence may qualify under section 9545(b)(1) statutory exception); *see also Commonwealth v. Haag*, 809 A.2d 271, 280 n. 1 (Pa. 2002) (petitioner's inability to communicate with counsel because of mental illness could satisfy exception in section 9545(b)(1)(ii) for claims based upon facts not discovered by PCRA counsel through exercise of due diligence; "If [Petitioner] filed his second petition within 60 days of regaining his competence, and thereby, his ability to`know' such facts, [his] second petition would not be time barred.").

Appellant alleges the following in his petition: "On or about June 23, 2018, [Appellant] was verbally informed for the first time that he has been diagnosed with Bipolar Disorder, Post -Traumatic Stress Disorder, Antisocial Personality Disorder, and Mild Neurocognitive Damage resulting from a

---

[1] Appellant sought these records to support his claim that trial counsel was ineffective for failing to raise any issued relating to Appellant's competency at the time of the commission of the offenses of which he was convicted and at the time of trial.

traumatic brain injury he suffered when he was shot in the year 2000." PCRA

Petition, 8/17/18, at 7.

> At the time of the commission of the offenses charged,[2] defendant was severely compromised psychologically, and was, at that time, legally insane. Notwithstanding that fact, defendant's counsel failed to raise or litigate any issue relating to defendant's competency at the time of commission of the alleged offenses;
>
> Since the date of commission of the offenses charged, defendant has remained severely compromised psychologically, to the extent that he was incompetent to enter a knowing and intelligent plea, and to knowingly and intelligently participate in the preparation and presentation of relevant documentation and evidence at the time of the trial, sentencing, and on subsequent appeals. Notwithstanding these facts, defendant's counsel failed to raise or litigate any issue relating to defendant's competency at the time of the trial or sentencing[.]

*Id.* at 4.

In its motion to dismiss, the Commonwealth stated Appellant's petition was facially untimely and that Appellant did not explain why he, or prior counsel, "could possibly have been unaware that he has suffered from mental illnesses since his traumatic brain injury" occurred in the year 2000. Commonwealth's Motion to Dismiss, 11/7/18, at 9. However, in my opinion that question is premature; without the relevant mental health records and expert review, that determination cannot be made. I would remand for the court to compel the release of the records from the DOC and for expert review.

---

[2] Appellant's offenses and trial occurred in 2010, ten years after the traumatic brain injury.

- 3 -